UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CURTIS WOODS, CHRISTINE BARTOLONE,
ANDREW BACHMAN, MICHAEL PAPA, JOHN S.
ZANKOWSKI, and KATHLEEN J. ZANKOWSKI,

                            **No. 11-CV-6502**
                            **DECISION and ORDER**

                    Plaintiffs,

           -vs-

GEORGE E.  MERCIER, CENTURION CAPITAL
CORP., FLORIDA WEST LAND CORP.,
MERCIER REALTY, INC., and GMC MANAGEMENT
CORP.,

                    Defendants.
_____

## INTRODUCTION

Plaintiffs Curtis Woods ("Woods"), Christine Bartolone ("Bartolone"), Andrew Bachman ("Bachman"), Michael Papa ("Papa") John Zankowski, and Kathleen Zankowski bring this action against defendants George E. Mercier ("Mercier"); and Centurion Capital Corp., Florida West Land Corp., Mercier Realty, Inc., and GMC Management Corp. ("the Mercier Companies"), claiming that the defendants defrauded them in connection with mortgages issued by the defendants to the plaintiffs. Specifically, the plaintiffs allege that the defendants, _inter alia_, issued mortgages containing unlawful provisions; failed to properly service the mortgage accounts; unlawfully added fees and charges to the mortgage accounts; coerced the plaintiffs into paying additional fees that

1

were not previously disclosed; failed to lawfully disclose all of the terms and conditions of the mortgage instruments; failed to properly account for payments thereby causing defaults on mortgages; unlawfully foreclosed on or attempted to foreclose on the properties that were the subject of the mortgages; and generally engaged in predatory lending practices.  In addition to claiming that the defendants engaged in fraud, breach of contract, conversion, and unjust enrichment, the plaintiffs claim that defendants engaged in a criminal predatory lending enterprise in violation of the Racketeer Influenced Corrupt Organizations Act ("RICO") (codified at 18 U.S.C. § 1961-1968).

Defendants deny the plaintiffs' claims, and move to dismiss plaintiffs' Complaint in its entirety on grounds that plaintiffs have failed to state a cause of action under RICO, and this court lacks original jurisdiction over plaintiffs' remaining state law claims.  For the reasons set forth below, I grant defendant's motion to dismiss, and dismiss with prejudice the claims of plaintiffs Woods, Bartolone, Bachman, John Zankowski and Kathleen Zankowski as time-barred, and dismiss the claims of Papa for failure to state a claim.

<u>BACKGROUND</u>

Plaintiffs Woods, Bartolone, Bachman, Papa, John Zankowski, and Kathleen Zankowski allege that they are borrowers of money from Centurion Capital Corporation ("Centurion").  Upon plaintiffs'

information and belief, Centurion was owned and/or controlled by defendant Mercier.   Plaintiffs allege that Mercier, through the Mercier Companies, which he allegedly owns or controls, engaged in predatory lending upon people with credit difficulties who were unable to obtain conventional loans from established lending institutions.   Plaintiffs allege that Mercier and the defendant companies lent money at high interest rates with exorbitant default rates and onerous terms, including extremely short repayment periods with extremely high balloon payments, knowing that borrowers would likely be unable to repay the loans under the stated terms.   Plaintiffs also allege that the defendants purposefully obfuscated loan terms, and in many cases, failed to disclose loan terms or repayment obligations.   Plaintiffs claim that once loans were issued, the defendants intentionally misapplied payments or changed loan terms in an attempt to create payment defaults, therby forcing the plaintiffs to repay loans at higher interest rates, and generating late payment fees. Plaintiffs allege that the defendants also mishandled escrow accounts by failing to properly pay taxes and other obligations, thereby creating liabilities for borrowers and additional fees for the defendants.   Plaintiffs allege that the defendants' true motives were to force their borrowers to default on their loans, and as a result, obtain ownership of the plaintiffs' properties which were used to secure the mortgages.

Plaintiffs claim that they were victims of the defendants' predatory lending practices and were forced to pay excessive fees and interest rates that were not disclosed in the terms of the loan agreements signed by the parties.  They bring causes of action for breach of contract, fraud, conversion, and unjust enrichment. Plaintiffs further claim that the defendants were acting as a criminal enterprise under RICO, in that the defendants engaged in racketeering activity in an attempt to defraud consumer-borrowers of money and property.  Plaintiffs' RICO claim is the only federal claim alleged in the Complaint.

DISCUSSION

I.   <u>Motion to Dismiss Standard</u>

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept . . . all factual allegations in the complaint and draw . . . all reasonable inferences in the plaintiff's favor." <u>See</u> <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 188 (2d Cir. 2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (disavowing the oft-quoted statement from <u>Conley v. Gibson</u>, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set

of facts in support of his claim which would entitle him to relief").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965 (internal quotation marks omitted).  Moreover, conclusory allegations are not entitled to any assumption of truth, and therefore, will not support a finding that the plaintiff has stated a valid claim. Hayden v. Patterson, 594 F.3d 150, 161 (2d Cir. 2010). Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir. 2008) (quoting Twombly, 127 S.Ct. at 1974).

II.   Plaintiffs have failed to state a claim for a violation of RICO.

A.   Statute of Limitations

Defendants contend that the claims asserted by plaintiffs Woods, Bartolone, Bachman, John Zankowski, and Kathleen Zankowski are time-barred because they were not brought within four years of

the date their claims accrued.[1]  For the reasons set forth below,
I find that the claims of Woods, Bartolone, Bachman, John Zankowski
and Kathleen Zankowski are time barred.

RICO itself does not set forth an express statute of
limitations period during which an action must be brought.  The
Supreme Court, however, has held that the four-year statute of
limitations period set forth in the Clayton Act, 38 Stat. 731, as
amended, 15 U.S.C. § 15, is the limitations period to be applied in
RICO cases.  Agency Holding Corp. v. Malley-Duff & Assocs, Inc.,
483 U.S. 143, 150-51 (1987).  The four-year limitations period
begins to run on the date that a plaintiff knew, or through
reasonable inquiry could have discovered, that he or she has been
injured by a defendant's act.  See Rotella v. Wood, 528 U.S. 549,
558 (2000) (adopting accrual rule applicable to actions under the
Clayton Act in which a cause of action accrues on the date that "a
defendant commits an act that injures a plaintiff's business . .
.")(citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S.
321, 338 (1971)).

Significantly, the accrual date of a RICO action does not
commence with the discovery of the alleged racketeering activity.
Accordingly, the statute of limitations begins to run on the date
that the plaintiff learned of his or her injury, not on the date

---

[1] Defendants concede that the claims alleged by plaintiff
Papa are not time-barred.

that the plaintiff learned that his or her injury may have resulted from racketeering activity.   <u>See</u> <u>Cancer Foundation, Inc. v. Cerberus Capital Management, LP</u>, 559 F.3d 671, 674 (7th Cir. 2009)("A plaintiff does not need to know that his injury is actionable to trigger the statute of limitations-the focus is on the discovery of the harm itself, not the discovery of the elements that make up a claim.") (citing <u>Rotella</u>, 528 U.S. at 558); <u>see also</u> <u>Jay E. Hayden Foundation v. First Neighbor Bank, N.A.</u>, No. 08-CV-0352-NR, 2009 WL 1684464 at *6 (S.D. Ill. June 16, 2009) ("the statute of limitations began to run when Plaintiffs discovered or should, if diligent, have discovered they had been injured by Defendants and not at some later date when all of the elements of the conspiracy were known.")

In the instant case, plaintiffs filed their Complaint on October 12, 2011.  Accordingly, any claim that accrued prior to October 12, 2007, is time barred. In other words, any claim stemming from an injury which plaintiffs actually discovered or should have discovered prior to October 12, 2007, is untimely under the four-year statute of limitations. As discussed more fully below, the claims asserted by Woods, Bartolone, Bachman, John Zankowski, and Kathleen Zankowski are time-barred.

According to facts alleged in the Complaint, Woods took out two loans from the defendants, the first closing on February 16, 2005, and the second closing on October 21, 2005.  <u>See</u> Complaint

("Compl."),¶¶ 51(B), 51(E).   Woods claims that throughout the
duration of his loan, he failed to receive loan documents, loan
statements, mortgage interest statements, and an amortization
schedule. In addition, Woods alleges, he was required to make
larger payments throughout the life of his loans. See
Compl.,¶¶ 51(I), 51(M), 51(N), 51(O), 51(P).   Although Woods fails
to identify the dates of these alleged deficiencies, he does state
that these harms occurred through the duration of his loans.   Given
that the subject loans closed in 2005, and Woods alleges that he
never received from defendants the documents he deemed necessary
during the loan period, he clearly was aware of the injuries caused
by defendants before October 12, 2007. At the very least, he should
have discovered his injuries well before October 12, 2007.
Accordingly, Woods' claims are time-barred.

That the alleged harms and fraud continued after October 21,
2007, is insufficient to render Woods' claims timely, because the
harms asserted stem from the original 2005 loans, and therefore are
part of the original, ongoing loan transactions.   See Guido v.
Merrill Lynch & Co., 154 F.3d 56, 59-60 (2d Cir. 1998)(finding that
allegedly fraudulent communications related to original allegedly
fraudulent act did not constitute new RICO injuries, nor did the
collection of annual fees related to an allegedly fraudulent
investment product; the later allegedly fraudulent acts arose out

of the original fraud, and were neither separate nor distinct acts of fraud that would reset the statute of limitations period)

Similarly, the claims of Bartolone and Bachman are time-barred. Bartolone and Bachman entered into a loan with the defendants on March 28, 2003. Compl., ¶ 53(B). They claim that in 2004, the defendants failed to properly handle an escrow account connected to the loan, and that the defendants created fraudulent escrow defaults for the purpose of inflating their payments. Id., ¶¶ 53(E), 53(G). Bartolone and Bachman also claim that they were charged "contrived" costs in 2006. Id., ¶ 53(R). Because all of these alleged harms occurred prior to October 12, 2007, and because Bartolone and Bachman were aware of these harms, both plaintiff's claims are time-barred.

Finally, the claims of John Zankowski and Kathleen Zankowski are also time-barred. The Zankowski plaintiffs allege that they executed a loan commitment letter in August of 2003, but that the defendants fraudulently substituted a different commitment letter with more onerous terms in March of 2004. Compl., ¶¶ 54(K), 54(M). They further allege that during the loan repayment period, the defendants failed to make tax payments as required and sent them threatening letters. Because these alleged harms were discovered prior to October 21, 2007, or at the very least should have been discovered prior to that time, the Zankowskis' RICO claims are time-barred.

B.   <u>Papa, the remaining plaintiff, has failed to state a RICO
     claim under 18 U.S.C. § 1962(a), (b), (c), or (d).</u>

As stated above, with the exception of plaintiff Papa, all of
the plaintiffs' claims must be dismissed as time-barred.  For the
reasons set forth below, I find that Papa has failed to state a
RICO claim under 18 U.S.C. § 1962(a), (b), (c), or (d). Therefore,
his claims must be dismissed.

In order state a private claim for damages under RICO, a civil
plaintiff must plead (1) the defendant's violation of 18 U.S.C.
§ 1962 and (2) an injury to the plaintiff's business or property
caused by the defendant's RICO violation. <u>Commercial Cleaning
Servs. v. Colin Serv. Sys., Inc.</u>, 271 F.3d 374, 380 (2d Cir. 2001)
(citing <u>First Nationwide Bank v. Gelt Funding Corp.</u>, 27 F.3d 763,
767 (2d Cir. 1994)). To satisfy the first element, a plaintiff must
establish that the defendant has violated the substantive RICO
statute, that is, the criminal provisions of the statute. <u>Moss v.
Morgan Stanley, Inc.</u>, 719 F.2d 5, 17 (2d Cir. 1983). The existence
of seven constituent elements must be pled: "(1) the defendant
(2) through the commission of two or more acts (3) constituting a
'pattern' (4) of 'racketeering activity' (5) directly or indirectly
invests in, or maintains an interest in, or participates in (6) an
'enterprise' (7)[,] the activities of which affect interstate or
foreign commerce." <u>Moss</u>, 719 F.2d at 17 (quoting 18 U.S.C.
§ 1962(a)-(c)). The second RICO element requires that a plaintiff
demonstrate a resultant injury to his or her business or property

10

by reason of the defendant's violation of § 1962. Id. (citing 18 U.S.C. § 1964(c)).

Here, the Complaint alleging violations of § 1962(a), (b), (c), or (d).[2] See Compl., ¶ 63(A)-(D). The language of all subsections (a), (b), and (c) of 18 U.S.C. § 1962 requires the presence of the same elements—an "enterprise," a "pattern of racketeering activity," and a "person" violating the predicate acts—only the relationship among these elements differs. Rush v. Oppenheimer & Co., Inc., 628 F. Supp. 1188, 1196 (S.D.N.Y. 1985).

1.  Papa Has Not Adequately Pled a Section 1962(a) Claim

"[T]he essence of a violation of § 1962(a) is not commission of predicate acts but investment of racketeering income." Ouakine v. McFarlane, 897 F.2d 75, 83 (2d Cir. 1990). In other words, a

---

[2]    Section 1962(a) prohibits an individual from using income derived from a pattern of racketeering activity or through collection of an unlawful debt to acquire any interest in or establish any enterprise which is engaged in interstate or foreign commerce. Section 1962(b) provides that it is unlawful for any person, through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain any interest in or control of any enterprise engaged in interstate or foreign commerce. Section 1962(c) prohibits any person employed by or associated with any enterprise engaged in interstate or foreign commerce to conduct or participate in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt. Section 1962(d) makes it unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of 18 U.S.C. See 18 U.S.C. § 1962(a)-(d).

§ 1962(a) plaintiff must allege an injury resulting from the defendants' investment of racketeering income in an enterprise (i.e., an "investment injury"), separate and apart from any injury caused by the predicate acts themselves. Id. Under Section 1962(a), the investment injury alleged must be distinct from any injury arising from the predicate racketeering acts themselves. Discon, Inc. v. NYNEX Corp., 93 F.3d 1055, 1063 (2d Cir. 1996), vacated on other grounds, 525 U.S. 128 (1998).

Defendants point out that plaintiffs have provided no explanation as to how the alleged violation of § 1962(a) (the investment of money) proximately caused any of plaintiffs' injuries. As defendants note, plaintiffs have failed to make any specific allegations regarding defendants' alleged violations of 18 U.S.C. § 1962, despite the detailed instructions in Standing Order 22. When asked to describe the direct causal relationship between the alleged injury and the violation of RICO, plaintiffs state in conclusory fashion that "every action taken by the Mercier defendants was directed at perpetrating frauds in mortgage lending(s) against plaintiffs, which were pyramided over the years, and which constitute the predicate acts of racketeering activity that financed the creation, growth, and continuance of the Mercier predatory lending criminal enterprise. . . ." RICO Case Statement, at 39, ¶ 36.

Plaintiffs thus essentially are alleging that income derived directly or indirectly from the purported racketeering activity by the Mercier defendants was reinvested into the same enterprise purportedly responsible for that racketeering activity. Such allegations are insufficient as a matter of law to sustain a Section 1962(a) claim. See Katzman v. Victoria's Secret Catalogue, 167 F.R.D. 649, 657 (S.D.N.Y. 1996) ("Plaintiffs' conclusory allegation that Defendants 'used or invested' income received from [defendant], is insufficient because it fails to allege how that use or investment injured them or any member of the proposed class.") (citation omitted; internal citation to record omitted); accord West 79th Street Corp. v. Congregation Kahl Minchas Chinuch, No. 03 Civ. 8606RWS, 2004 WL 2187069, at *12 (S.D.N.Y. Sept. 29, 2004) ("[A]llegations that income derived directly or indirectly from the purported racketeering activity was reinvested into the same enterprise allegedly responsible for that activity are insufficient as a matter of law to sustain a Section 1962(a) claim.").

2.   Papa has not adequately pled a claim under Section 1962(b) or (c).

In contrast to § 1962(a), which criminalizes the investment of income from a pattern of racketeering activity in an enterprise, the gravamen of a § 1962(b) violation "is not the commission of predicate acts, but rather the acquisition or maintenance of an interest in or control of an enterprise." Dornberger v. Metropolitan Life Ins. Co., 961 F. Supp. 506, 525 (S.D.N.Y. 1997)

(citing <u>Lightning Lube Inc. v. Witco</u>, 4 F.3d 1153, 1190-91 (3d Cir. 1993); other citation omitted). Section 1962(c) prohibits conducting or participating in the affairs of an enterprise through a pattern of racketeering activity. "A § 1962(c) claim exists only if the alleged enterprise is distinct from the "person" (the defendant)." <u>Dornberger</u>, 961 F. Supp. at 523-24 (citing <u>Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.</u>, 30 F.3d 339, 343-44 (2d Cir. 1994)). Similarly, to state a claim under § 1962(b), a plaintiff must allege an injury by reason of the defendant's acquisition or maintenance of an interest in or control of an "enterprise." <u>Discon, Inc. v. NYNEX Corp.</u>, 93 F.3d 1055, 1062-63 (2d Cir. 1996).

Defendants contend that Papa's claims under 18 U.S.C. § 1962(b) and (c) are deficient because he has failed to adequately plead the existence of a distinct "enterprise." <u>See</u> <u>Moss</u>, 719 F.2d at 17 (noting that an "enterprise" is one of the required seven elements of a substantive RICO violation).

An "enterprise" is "a group of persons associated together for a common purpose of engaging in a course of conduct" and a "pattern of racketeering activity," which is "a series of criminal acts as defined by the [RICO] statute." <u>U.S. v. Turkette</u>, 452 U.S. 576, 583 (1981). "[P]roof of one does not necessarily establish the other. The 'enterprise' is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of

activity in which it engages." <u>Turkette</u>, 452 U.S. at 583; <u>accord</u> <u>U.S. v. Boyle</u>, 556 U.S. 938, 947 (2009).

In this case, however, Papa has failed to identify a pattern of racketeering activity distinct from the alleged RICO enterprise. Indeed, Papa has affirmatively alleged that the pattern of activity and enterprise are one and the same, stating that "<u>[t]he pattern of racketeering activity and the criminal enterprise are one and the same</u>." RICO Case Statement at 36, ¶ 8 (emphasis supplied). Papa further asserts that "[t]he Mercier predatory lending criminal enterprise perpetrated by the Mercier defendants was and is indistinguishable from both the pattern of racketeering activity and the criminal enterprise - they are one and the same." RICO Case Statement at 36, ¶ 7. Because Papa has failed to allege an enterprise that is distinct from the racketeering activity in which it allegedly engaged, I find that Papa has failed to state a claim for a violation of RICO under § 1962(b) or (c). <u>See</u> <u>Goldfine v. Sichenzia</u>, 118 F. Supp.2d 392, 401 (S.D.N.Y. 2000) ("[I]n a fraud-based RICO claim, if the sole purpose of the alleged enterprise is to perpetrate the alleged fraud, there can be no enterprise for RICO purposes.") (citation omitted); <u>see</u> <u>also</u> <u>Maersk, Inc. v. Neewra, Inc.</u>, 687 F.Supp.2d 300, 333 (S.D.N.Y. 2009)(stating that alleged RICO enterprise "must be an organization distinct from the conduct of the culpable defendants comprising it").

3.   <u>Papa's claim under § 1962(d) necessarily fails.</u>

Because the Court finds that Papa does not sufficiently allege a violation of § 1962(a), § 1962)(b), or § 1962(c), the Court need not consider § 1962(d), as a complaint must adequately state a claim under § 1962(a), (b), or (c) in order for the Court to find a violation of § 1962(d). <u>See</u> <u>First Capital Asset Mgmt. v. Satinwood, Inc.</u>, 385 F.3d 159, 164 (2d Cir. 2004) ("[B]ecause Plaintiffs' RICO conspiracy claims are entirely dependent on their substantive RICO claims, we also concur in the . . . dismissal of the RICO conspiracy claims.").

III. <u>State Law Claims</u>

Where a district court has dismissed all claims over which it has original jurisdiction, the court, pursuant to 28 U.S.C. § 1367(c)(3), may decline to exercise jurisdiction over the plaintiff's state law claims. Because all of the federal claims in the Complaint have been dismissed, I decline to exercise jurisdiction over plaintiffs' remaining state law causes of action. <u>See</u> <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966) (authorizing district court to dismiss state and common law claims for lack of jurisdiction when all federal claims have been dismissed).

CONCLUSION

For the reasons set forth above, defendants' Motion to Dismiss (Dkt. #3) is granted.  The Plaintiffs' Complaint is dismissed with prejudice as to defendants Woods, Bartolone, Bachman, John

Zankowski, and Kathleen Zankowski on grounds that the claims asserted by these plaintiffs are time-barred. Plaintiffs' Complaint with respect to plaintiff Papa is dismissed without prejudice for failure to state a claim.

     **SO ORDERED**.

                         S/Michael A. Telesca

                    _____
                    HONORABLE MICHAEL A. TELESCA
                    United States District Judge

Dated:    Rochester, New York
           September 7, 2012